IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARA L. ANDERSON,<br><br>    Defendant. | Case No. 3:18-CR-30002-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Cara Anderson pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 38). Anderson asks the Court to grant her request for compassionate release and order her early release to a Residential Reentry Center due to her medical conditions and the COVID-19 pandemic (*Id.*). The Government opposes the motion (Doc. 40). For the reasons set forth below, the motion is denied.

### BACKGROUND

On March 6, 2018, Defendant Cara Anderson pleaded guilty to one count of felon in possession of a firearm (Doc. 24). The undersigned sentenced Anderson to 51 months' imprisonment (Doc. 31). According to the Bureau of Prisons' website, Anderson is scheduled to be released on May 26, 2021;[1] however, she is scheduled to be transferred

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 19, 2020).

to a Residential Reentry Center in December 2020.

Anderson now argues her medical conditions constitute extraordinary and compelling reasons to release her under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Anderson claims that her asthma, diabetes, and obesity place her at an increased risk of severe complications if she were to contract COVID-19. She asks that the Court order she be released to the Residential Reentry Center two months early.

The Government opposes the motion, arguing that Anderson has not demonstrated extraordinary and compelling reasons for compassionate release. The Government notes that Anderson weighed only 155 pounds on May 24, 2020, and is 5 feet, 2 inches tall. Thus, her BMI is around 28.35, which is below the threshold for obesity. Additionally, while moderate-to-severe asthma may increase the risk of developing severe illness from COVID-19, Anderson's asthma is well controlled. Finally, Anderson's medical records indicate her Type 2 diabetes has been successfully controlled through the use of medication. Therefore, her medical conditions do not rise to the level of "extraordinary and compelling" circumstances.

The Government also notes that while Anderson asks the Court to order her immediate transfer to the Residential Reentry Center, Anderson has cited no authority for the Court to take such action. Rather, only the Bureau of Prisons has discretion over where an inmate serves his or her sentence. Thus, the only option would be to reduce her sentence to time served.

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate

release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety

---

[2] The Government does not contend that Anderson failed to exhaust her administrative remedies.

of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13.

Here, Anderson has not made that showing. While Anderson has asthma and diabetes, which may place her at an increased risk of severe illness from the coronavirus, her records indicate that both diseases are well controlled by medication. And although Anderson argues her BMI of 28.35 would meet the threshold for obesity in some East Asian countries, including China where the virus originated, the CDC has determined that only people with a BMI higher than 30 are at an increased risk of severe illness from COVID-19.[3] Thus, the Court finds that there is no evidence Anderson is suffering from a serious medical condition that substantially diminishes her ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Although the Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the Bureau of Prisons, "the COVID-19 pandemic does not warrant the release of every federal prisoner with

---

[3] "People with Certain Medical Conditions," CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 19, 2020).

health conditions that make them more susceptible to the disease." *United States v. Sheppard*, No. 09-30001, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). Even if the Court could order that Anderson be released to a Residential Reentry Center two months early, the Court does not find that she is entitled to such relief.

Because Anderson has not established any extraordinary and compelling reasons warranting a reduction in her term of imprisonment, her Motion for Compassionate Release (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   October 19, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**